■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAYLORD BURNELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Felig, J.), rendered December 17, 1979, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was indicted and charged with murder in the second degree. The prosecution's evidence at trial showed that defendant had stabbed the victim with a knife. On this appeal defendant argues, *inter alia,* that it was error for the trial court to have denied his request to charge the jury as to the defense of justification. We agree. Contrary to the trial court's determination, defendant's position at trial, that he neither possessed a knife nor stabbed the victim, did not bar submission of the defense of justification to the jury (see *People v Steele,* 26 NY2d 526). According defendant the most favorable view of the record (see *People v Steele, supra),* and recognizing the jury's prerogative to accept or reject part or all of the testimony of a single witness, under proper circumstances *(People v Scarborough,* 49 NY2d 364), we find that there was sufficient evidence to raise the defense of justification (see Penal Law, § 35.15). The jury, therefore, should have been so charged. It was also error to have permitted the prosecution to introduce evidence as to an uncharged crime allegedly committed by defendant. The probative value, if any, of such evidence was outweighed by its prejudicial effect. We have reviewed defendant's remaining contentions and find them to be without merit. Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY FULMORE, Appellant. — Appeals by defendant from two judgments of the Supreme Court, Kings County (Thompson, J.), each rendered October 27, 1978, convicting him of murder in the second degree and attempted robbery in the first degree, upon pleas of guilty, and imposing sentences. These appeals bring up for review the denial of defendant's motion at the time of sentencing to withdraw his guilty pleas. Judgments reversed, on the law, motion granted, guilty pleas vacated, not guilty pleas reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings. The trial court's conduct at the change of plea proceeding, threatening the defendant with dire consequences if he did not plead guilty, requires setting aside the judgments of conviction rendered by the same court. Based upon the totality of circumstances presented in this particular case, such conduct cannot be deemed harmless error. Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.