■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH INGRASSIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered May 12, 1981, convicting him of assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

Reversible error was committed by the trial court in failing to charge the defense of justification to the jury, as requested by defense counsel. It is well settled that the defense of justification should be charged to the jury if there exists any reasonable view of the evidence which supports the defense and a court must do so under those circumstances where defense counsel requests such a charge *(People v Steele,* 26 NY2d 526, 528-529; *People v Huntley,* 59 NY2d 868). In determining whether to give a justification charge, the defendant is entitled to the most favorable view of the evidence *(People v Steele, supra; People v Padgett,* 60 NY2d 142, 144-145). More-

over, the defendant's testimony at the trial that he did not inflict any blows upon the victims did not by itself preclude submission of the justification defense to the jury *(see, People v Steele, supra; People v Burnell,* 84 AD2d 566, *lv denied* 55 NY2d 827). There was other evidence presented by both defense and prosecution witnesses which the jury could accept *(see, People v Scarborough,* 49 NY2d 364, 372), which indicated that the complainants (1) were armed, one with a bat or stick and the other with a chukka stick, (2) were the aggressors in the incident and (3) were injured during a fight of several minutes' duration with the defendant. We are further of the view that the injuries suffered by the complainants were not the result of such "extreme violence" as to bar a justification charge *(see, People v Doctor,* 98 AD2d 780, 781; *People v Jenkins,* 93 AD2d 868).

Finally, the court erred in (1) allowing the prosecution to introduce rebuttal testimony to attack the credibility of a defense witness with regard to the latter's testimony on a purely collateral matter, i.e., the distance from the corner of 164th Street and the Long Island Expressway to the expressway entrance *(see, People v Pavao,* 59 NY2d 282) and (2) charging that the defendant could be considered an "interested" witness without also charging, as requested by defense counsel, that the principal complainant could also be considered by the jury as an interested witness *(see, People v Srbu,* 51 AD2d 978; *People v Russillo,* 65 AD2d 608; *People v Brabham,* 77 AD2d 626). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.