■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS HILLIARD, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 11, 1986, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was an inmate at Eastern Correctional Facility in Ulster County confined to the special housing unit. On each

occasion when he was outside his cell, he was placed in handcuffs. On August 5, 1985, he was being escorted back to his cell by Correction Officer Gerhardt Krein after receiving a haircut. On the way to defendant's cell, the two men bumped into each other as Krein waited for defendant to keep pace with him along the way. This resulted in some comment by defendant to the effect that Krein not push him. Upon arrival at his cell, defendant, on several occasions, refused to enter until the arrival of two other correction officers at the scene. Upon entering the cell, he followed the standard procedure of extending his hands through an opening in the cell door to have the handcuffs removed. After the left hand had been released and as Krein attempted to undo the right handcuff, defendant suddenly pulled Krein's right arm down and through the hatch; this caused Krein's right arm to scrape against the steel hatch and propel his body into the cell door, resulting in painful injuries to his right arm. Defendant then threw the handcuffs and key out of the cell opening and proceeded to bang the cell door and slam his body against it. Krein received medical attention for his injuries, which consisted of multiple abrasions, swelling and numbness in the arm and fingers. Defendant was indicted for the crime of assault in the second degree, subsequently convicted, and this appeal ensued.

We affirm. Contrary to defendant's contention, each element of the crime of assault in the second degree was established with proof of guilt beyond a reasonable doubt (see, Penal Law § 120.05 [7]; § 10.00 [9]; *People v Rojas,* 61 NY2d 726; *People v Thompkins,* 97 AD2d 593).

We also reject defendant's argument that County Court abused its discretion in requiring defendant to wear handcuffs and shakles in the event he elected to appear before the Grand Jury. A hearing was held before the court made its decision on these issues, at which Sergeant Bruce Hinkley testified and described the manner in which defendant was restrained while in prison because of his discipline record and assaultive behavior. In making its decision, County Court relied upon the testimony of that witness and the statements of the attorneys for the respective parties in ordering defendant to appear in civilian clothing and be duly restrained in the event he elected to appear before the Grand Jury. Defendant declined to testify because of this ruling and now claims that he would have been seriously prejudiced had he appeared before the Grand Jury so restrained.

We note that defendant was charged with a crime of vio-

lence at a time when he was confined to a special housing unit while in prison; that a Grand Jury room is smaller and more intimate than a courtroom and that the function of a Grand Jury is far different than that of a trial jury. Accordingly, we fail to perceive any basis for a claim of prejudice and, in any event, County Court's determination, made after a hearing, was within the proper exercise of its discretion (see, *People v Mendola*, 2 NY2d 270; *People v Gonzalez*, 115 AD2d 899, *appeal dismissed* 68 NY2d 995).

Defendant also contends that it was error for County Court not to charge justification as a defense when requested by defendant. The request was based upon the testimony of defense witnesses who testified that when Krein removed defendant's handcuffs he pressed down and tightened the cuffs, inflicting pain and injury upon defendant. Defendant did not testify.

Although we must view the evidence in the light most favorable to the accused in deciding whether he was entitled to a charge on justification (see, *People v Watts*, 57 NY2d 299, 301), we are not persuaded that the evidence in this case supports such a charge. Simply stated, there is no reasonable view of the evidence that would bring defendant's actions within the applicable statutory provisions (see, Penal Law § 35.05 [2]; *People v Astle*, 117 AD2d 382). Moreover, County Court did instruct the jury that, if it found defendant's conduct involuntary or a reflex action resulting from a stimuli applied to his wrists by Krein, they were to find defendant not guilty.

Finally, we find no merit in defendant's claim of lack of effective assistance of counsel or in his challenge to the composition of the jury (see, CPL 270.10; *Batson v Kentucky*, 476 US 79).

Judgment affirmed. Kane, J. P., Casey, Harvey and Mercure, JJ., concur.

Mikoll, J., dissents and votes to reverse in a memorandum. Mikoll, J. (dissenting). I respectfully dissent. In my view County Court committed reversible error in declining to charge the defense of justification after being requested to do so by defense counsel. Although defendant did not testify, there was evidence from the testimony of witnesses for defendant that the handcuffs were being tightened on defendant, that defendant complained that the correction officer was hurting his arm and that defendant pulled his hand back into this cell, causing the officer's hand to briefly go into the hatch.

Thus, a question of fact was raised requiring jury consideration of the defense *(see, People v Padgett,* 60 NY2d 142; *People v Ingrassia,* 118 AD2d 587). Consequently, the judgment should be reversed and a new trial ordered.