■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SINGLETON, Appellant. [655 NYS2d 967] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered November 10, 1994, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, and unlawful possession of marihuana, after a jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

In light of the overwhelming evidence of the defendant's guilt, none of the alleged errors in the People's summation warrant a new trial (*see, People v Nuccie*, 57 NY2d 818; *People v Ashwal*, 39 NY2d 105; *People v Reed*, 184 AD2d 536; *People v Rivera*, 142 AD2d 614). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE THOMAS, Appellant. [655 NYS2d 967] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J., at trial; Curci, J., at sentence), rendered March 9, 1995, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the defendant (*see, People v Martin*, 59 NY2d 704), the court properly denied the defendant's request to charge burglary in the third degree as a lesser-included offense of burglary in the second degree. There was no reasonable view of the evidence to support a finding that the defendant committed the former crime and not the latter (*see, People v Green*, 56 NY2d 427, 430).

The court's use of hypothetical examples in its instructions to the jury as an aid in explaining the applicable law was fair and balanced, could not have misled the jury, and did not indicate that the court had an opinion as to the defendant's guilt or innocence (*see, People v Wise*, 204 AD2d 133; *People v Thomas*, 179 AD2d 793). The circumstantial evidence charge, when read as a whole, conveyed the appropriate legal standard (*see, People v Sanchez*, 61 NY2d 1022, 1024; *People v Benzinger*, 36 NY2d 29, 32).

The court's *Allen* charge was proper (*see, People v Pagan*, 45 NY2d 725; *People v Austin*, 168 AD2d 502).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Pizzuto and Santucci, JJ., concur.