■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAYTH DANIELS, Appellant. [670 NYS2d 566] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 11, 1996, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On June 26, 1995, the defendant, who was taking care of his children at his estranged wife's rented home, heard a noise and saw a ladder positioned outside a second-floor window. Believing that an intruder may have been entering the premises, the defendant ran downstairs and opened the door to the outside. Although the defendant claimed that the person on the ladder (who turned out to be the landlord) fell off the ladder and was injured when he opened the door, there was other evidence that the landlord fell and was injured when the defendant deliberately pushed the ladder. Apparently both the defendant and the landlord's wife called the police emergency number.

The defendant contends that the Trial Judge committed reversible error when he refused to charge the jury on justification pursuant to Penal Law § 35.20 (2). We agree.

It is well settled that a jury must be charged on justification as a defense to the crime with which the defendant is charged if any reasonable view of the evidence would support the claimed defense and the defense counsel has requested such a charge (see, People v Padgett, 60 NY2d 142). Further, the court must view the record in the light most favorable to the defendant (see, People v Watts, 57 NY2d 299, 301).

For the defendant to have been justified in his use of physical force, he must have reasonably believed that the person was unlawfully entering the property, with or without an intent to commit a crime therein (see, Penal Law § 140 et seq.). We conclude that there is a reasonable view of the evidence to support a justification instruction, and that the Trial Judge erred in refusing to charge the jury on that defense. Contrary to the People's argument and the view of the Trial Judge, the defense of justification must be charged under these circumstances even though the defendant claimed at trial that the victim's injuries were accidentally inflicted (see, People v Padgett, supra). We reject the People's contention that the error was harmless. There was conflicting testimony from the witnesses, so that proof of the defendant's guilt was not overwhelming (see, People v Wesley, 76 NY2d 555, 560). Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.