■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M. FIELDS, Appellant. [692 NYS2d 241] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 29, 1997, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

As the result of a September 19, 1995 altercation at the Rensselaer County Jail during which defendant assaulted another inmate, a felony complaint was filed accusing him of assault in the first degree. He was ultimately indicted on assault in the second degree on March 20, 1996 (*see,* Penal Law § 120.05 [7]). Following unsuccessful motions to dismiss, defendant pleaded guilty to the indictment. He appeals, and we now affirm.

Defendant claims that he was denied the right to effective assistance of counsel at the hearing on his motion as to whether

his right to a speedy trial was violated (*see*, CPL 30.30). He claims that counsel should have done more to highlight the allegedly disputed issue of when the accusatory instrument was filed. As noted by defendant's appellate counsel, the legal issue of whether defendant was denied a speedy trial "turns on the factual determination of when * * * the accusatory instrument charging [him] with the assault" was filed. Defendant contends that it was filed on September 20, 1995, which, if true, would support his claim that he was denied a speedy trial.

At the hearing before County Court, however, the City Court Judge who arraigned defendant on the felony complaint testified that it was filed with the court on September 22, 1995, thereby supporting County Court's factual finding that the accusatory instrument was indeed filed on that date. This being the case, defendant was not denied his right to a speedy trial as the People declared their readiness on March 20, 1996, which was within the time period prescribed by CPL 30.30 (1) (a). Moreover, although the statement of readiness was contemporaneous with the filing of the indictment, it was nevertheless "effective to stop the 'speedy trial' clock" because defendant was given two days notice of arraignment on the indictment before the CPL 30.30 (1) (a) period expired, in compliance with CPL 210.10 (2) (*People v Carter*, 91 NY2d 795; *see*, *People v Goss*, 87 NY2d 792; *cf.*, *People v England*, 84 NY2d 1). Under these circumstances, counsel's failure to succeed on a meritless motion cannot render his representation ineffective. Furthermore, our review of the speedy trial hearing, as well as the entire record in this matter, reveals that defendant received meaningful representation throughout the entire proceeding (*see*, *People v Baldi*, 54 NY2d 137).

Defendant also moved to dismiss on the ground that he was denied a fair opportunity to testify before the Grand Jury because he was required to appear in prison attire, shackles and handcuffs (*see*, CPL 190.50 [5]). By pleading guilty, defendant has forfeited appellate review of this challenge to the Grand Jury proceeding (*see*, *People v Di Raffaele*, 55 NY2d 234, 240; *People v Ferrara*, 99 AD2d 257, 259-260). Even if his guilty plea did not forfeit such a challenge, we would uphold the denial of his motion to dismiss. Defendant was given an opportunity to testify before the Grand Jury and was brought to the courthouse for this purpose. A stenographic record of proceedings held outside the presence of the Grand Jury makes clear that defendant, although repeatedly advised of his right to testify, opted not to do so for a number of reasons, *none* of which included the fact that he was in jail attire, wearing shackles and handcuffs (*see*, CPL 470.05 [2]).

It was not until after he chose not to testify (*compare*, *People v Calate*, 178 Misc 2d 190) and the indictment was handed up by the Grand Jury that defendant moved to dismiss the indictment pursuant to CPL 190.50 (5). Defendant's failure to timely raise this issue denied the People an opportunity to participate in the decision as to whether defendant should be given civilian clothing and remain unrestrained while testifying. Moreover, if security concerns had been raised about defendant testifying unrestrained, a hearing could have been held at which the People would have been obligated to justify the need for restraint in the event defendant elected to testify before the Grand Jury (*see*, *People v Hilliard*, 142 AD2d 885, 886, *revd on other grounds* 73 NY2d 584), in which case appropriate cautionary instructions could have been given (*see*, *People v Felder*, 201 AD2d 884, 885, *lv denied* 83 NY2d 871). Under these circumstances, it cannot be said that defendant was denied the right to appear and testify before the Grand Jury which voted to indict him.

Defendant's remaining contentions have been reviewed and none warrant reversal of his conviction.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.