■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID MARQUEZ, Appellant. [751 NYS2d 251] —Appeal by the de-
fendant from a judgment of the County Court, Nassau County
(Cotter, J.), rendered September 25, 2000, convicting him of as-
sault in the first degree, gang assault in the first degree, crim-
inal possession of a weapon in the second degree, criminal pos-
session of a weapon in the third degree, and criminal use of a
firearm in the first degree (two counts), upon a jury verdict,
and imposing sentence. The appeal brings up for review the
denial, after a hearing, of that branch of the defendant's
omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally
insufficient to establish that he committed the crime of gang
assault in the first degree is unpreserved for appellate review
(*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any
event, viewing the evidence in the light most favorable to the
prosecution (*see People v Contes,* 60 NY2d 620), we find that it
was legally sufficient to establish beyond a reasonable doubt
that the driver and the passengers in the backseat of the vehi-

cle that the defendant was riding in when he shot the complainant were "two or more persons actually present," to support the conviction of gang assault in the first degree (Penal Law § 120.07). The jury could have reasonably inferred that the backseat passengers were in a position to render immediate assistance to the defendant should it prove necessary and, therefore, posed a sufficient threat of additional violence so as the satisfy the aggravating element necessary to sustain the conviction of gang assault in the first degree (*see People v Carr-El,* 287 AD2d 731, *lv granted* 98 NY2d 733; *People v Dennis,* 146 AD2d 708, *affd* 75 NY2d 821). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371) is without merit. The court struck an appropriate balance between the probative value of the defendant's prior crime on the issue of his credibility and the possible prejudice to the defendant (*see People v Scarpulla,* 238 AD2d 359; *People v Overton,* 192 AD2d 624). Moreover, the mere fact that the prior conviction was similar in nature to the instant offenses did not warrant its preclusion. The fact that the defendant chose to specialize in one type of criminal activity does not shield him from impeachment by use of the prior conviction (*see People v Pavao,* 59 NY2d 282; *People v Sokolov,* 245 AD2d 317).

We reject the defendant's contention that the County Court erred in denying his request that the complaining witness be produced at the *Wade* hearing (*see United States v Wade,* 388 US 218) because he communicated through an interpreter during the photographic array identification procedure. Since the evidence presented at the hearing failed to raise an issue with respect to the constitutionality or suggestiveness of the identification procedure, the court providently exercised its discretion in denying the defendant's request to produce the complaining witness (*see People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Galarza,* 206 AD2d 387). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.