██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN COLLIER, Appellant. [757 NYS2d 662] —Appeal from a judgment of Monroe County Court (Marks, J.), entered November 14, 2001, convicting defendant after a jury trial of, inter alia, manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, a new trial is granted on counts three and four of the indictment and the indictment is otherwise dismissed without prejudice to the People to re-present any appropriate charges under count one of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20), criminal possession of a weapon in the

second degree (§ 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We reject the contention of defendant that County Court abused its discretion in precluding him from offering expert testimony. The court properly determined that the proposed testimony, presented by way of an offer of proof from defendant's purported expert, would not serve to clarify issues before the jurors (*see generally People v Cronin*, 60 NY2d 430, 433 [1983]; *People v Robinson*, 174 AD2d 998, 999 [1991], *lv denied* 78 NY2d 1014 [1991]). We agree with defendant, however, that reversal is required based on the court's refusal to give a justification charge. It is well settled that a defendant is entitled to such a charge where, as here, a reasonable view of the evidence would allow a jury to decide that a defendant's actions were justified (*see People v Maher*, 79 NY2d 978, 982 [1992]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]). Contrary to the People's contention, defendant's claim that the shooting was accidental does not preclude a justification charge (*see People v Hill*, 226 AD2d 309, 310 [1996], *lv denied* 88 NY2d 937 [1996]). In addition, the court erred in refusing to allow defendant to testify with respect to his knowledge of the victim's reputation for violence, inasmuch as the state of mind of defendant was critical to his justification defense (*see People v Miller*, 39 NY2d 543, 548-549 [1976]). Thus, we reverse the judgment and grant a new trial on counts three and four of the indictment. Inasmuch as defendant was convicted of the lesser included offense of manslaughter in the first degree under count one of the indictment, that count is dismissed without prejudice to the People to re-present any appropriate charges under that count to another grand jury (*see People v Gonzalez*, 61 NY2d 633, 635 [1983]; *People v Jackson*, 167 AD2d 893, 894 [1990]). In view of our determination, we do not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.