THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN N. GAVIGAN, Appellant. [768 NYS2d 652]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered August 8, 2001, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant's contention that the trial court erred when it charged justification pursuant to a theory of self-defense (*see* Penal Law § 35.15), but refused to submit to the jury the defense of justification in defense of premises.

It is well settled that a jury must be charged on justification as a defense to the crime with which the defendant is charged if any reasonable view of the evidence would support the claimed defense and the defendant has requested the charge (*see People v Daniels,* 248 AD2d 723, 724 [1998]).

Viewing the record in the light most favorable to the defendant (*see People v Watts,* 57 NY2d 299, 301 [1982]), we conclude that there was a reasonable view of the evidence to support a justification charge pursuant to Penal Law § 35.20 (2). The defendant, an employee of a bar, presented evidence that he had repeatedly asked the victims to leave the bar prior to the altercation. This evidence supports a finding that he reasonably believed the victims were committing a criminal trespass and that physical force was necessary to protect the premises. Accordingly, the failure to grant the defendant's request to charge

that defense constitutes reversible error (*see People v Padgett,* 60 NY2d 142, 145 [1983]). Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.