■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DURRELL LIGGINS, Appellant. [770 NYS2d 263]—

Appeal from a judgment of Oneida County Court (Donalty, J.), entered May 11, 2001, convicting defendant after a jury trial of assault in the second degree (two counts) and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of two counts of assault in the second degree and vacating the sentences imposed thereon and as modified the judgment is affirmed, and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [3], [7]) and one count of criminal mischief in the fourth degree (§ 145.00 [1]). Contrary to the contention of defendant, the testimony of the victim is legally sufficient to establish that he sustained a physical injury within the meaning of Penal Law § 10.00 (9). The victim testified that he experienced shock-like pain in his head when defendant "head-butted" him, that his lips and mouth bled for 20 to 30 minutes, that four of his front teeth were loosened for a week, and that he had to avoid solid food and take pain medication for a week (*see People v Marsh*, 264 AD2d 647 [1999], *lv denied* 94 NY2d 825 [1999]; *Matter of O'Shanna T.*, 238 AD2d 287 [1997]; *see also People v Porter*, 305 AD2d 933 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Jackson*, 296 AD2d 313 [2002], *lv denied* 98 NY2d 768 [2002]). Also contrary to defendant's contention, the testimony that defendant tore a metal heater cover from a wall and swung it around the cell to bang it against other objects is legally sufficient to establish that defendant intended to damage the heater cover (*see People v Gianni*, 303 AD2d 1012 [2003], *lv denied* 100 NY2d 581 [2003]; *People v Price*, 2003 NY Slip Op 51250[U]). We agree with defendant, however, that County Court erred in denying his request for a

justification charge with respect to the two counts of assault. The court erred in determining that defendant was not entitled to such a charge based on his own testimony that he stumbled into the victim when the victim began choking him and thus that the victim's injuries were the result of an accident. A defendant is entitled to a justification charge if there is some reasonable view of the evidence to support it, even if the defendant alleges that the victim's injuries were accidentally inflicted (*see People v Daniels*, 248 AD2d 723 [1998]; *see also People v Collier*, 303 AD2d 1008 [2003], *lv denied* 100 NY2d 579 [2003]), and even if such a defense is inconsistent with other aspects of the defense (*see People v Huntley*, 87 AD2d 488, 494 [1982], *affd* 59 NY2d 868 [1983]; *People v Steele*, 26 NY2d 526, 528-529 [1970]; *People v Ingrassia*, 118 AD2d 587, 587-588 [1986]; *People v Burnell*, 84 AD2d 566 [1981]). Viewing the evidence at trial in the light most favorable to defendant (*see People v Padgett*, 60 NY2d 142, 144-145 [1983]), we conclude that a reasonable view thereof entitles defendant to a justification charge, based on the testimony of defendant that the victim was choking him and the testimony of the victim that defendant's act of "head-butting" was intentional because he saw defendant draw his head back and come forward before the blow (*see Daniels*, 248 AD2d 723 [1998]). Moreover, it was not necessary for defendant to admit an intentional act in order to be entitled to the justification charge (*see People v Khan*, 68 NY2d 921, 922 [1986]; *Padgett*, 60 NY2d at 146) where, as here, there was other evidence before the jury to support that proposition (*see generally Ingrassia*, 118 AD2d at 587-588). Thus, we modify the judgment by reversing those parts convicting defendant of two counts of assault in the second degree and vacating the sentences imposed thereon, and we grant a new trial on counts one and two of the indictment. In light of our determination, we need not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.