THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL L. TAYLOR, Appellant. [796 NYS2d 213]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered February 17, 2004. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of gang assault in the first degree (Penal Law § 120.07) and assault in the first degree (§ 120.10 [1]). Defendant's motion to dismiss was directed only at the charge of assault in the first degree, and thus defendant failed to preserve for our review his present challenge to the legal sufficiency of the evidence with respect to the conviction of gang assault (*see People v Gray*, 86 NY2d 10, 19 [1995]). Contrary to defendant's further contentions, the evidence is legally sufficient to support the conviction of assault in the first degree, and the verdict is not against the weight of the evidence with respect to either gang assault or assault (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). County Court's *Sandoval* ruling does not constitute an abuse of discretion inasmuch as the court properly balanced the probative value of the evidence' of prior crimes committed by defendant against the danger of undue prejudice to him (*see generally People v Sandoval*, 34 NY2d 371, 374-378 [1974]). Nor did the court err in admitting in evidence a photograph of the victim taken shortly after the assault (*see generally People v Wood*, 79 NY2d 958, 960 [1992]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]).

The court properly denied defendant's request to charge assault in the third degree as a lesser included offense of assault in the first degree because, contrary to the contention of defendant, there is no reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater offense (*see generally People v Bartkow*, 96 NY2d 770, 771 [2001]; *People v Glover*, 57 NY2d 61, 63 [1982]). The sentence is not unduly harsh or severe. Finally, we have considered the contentions raised in defendant's pro .se supplemental brief and conclude that they are without merit.

Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.