THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY VARUGHESE, STANLEY VARUGHESE and ASHISH SHAH, Appellants. [801 NYS2d 415]—

Appeals by (1) the defendant Lenny Varughese from a judgment of the Supreme Court, Queens County (Rios, J.), rendered November 25, 2003, convicting him of gang assault in the first degree (two counts), assault in the first degree (five counts), criminal mischief in the third degree, and criminal possession of a weapon in the fourth degree, (2) the defendant Stanley Varughese from a judgment of the same court also rendered November 25, 2003, convicting him of gang assault in the first degree (two counts), assault in the first degree (five counts), criminal mischief in the third degree, and criminal possession of a weapon in the fourth degree, and (3) the defendant Ashish Shah from a judgment of the same court also rendered November 25, 2003, convicting him of gang assault in the first degree (two counts), assault in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the fourth degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants contend that the Legislature intended the gang assault statute (*see* Penal Law § 120.07) to apply exclusively to group attacks on lone or helpless victims, and that it should therefore not be applied to the instant case, which involved a clash between groups of roughly equivalent numbers. As a preliminary matter, we note that this contention was not preserved for appellate review (*see* CPL 470.05 [2]). In any event, we find the contention to be without merit. There is no ambiguity in the plain language of the statute that would suggest prosecution thereunder is precluded in cases such as this (*see* Penal Law § 120.07; *cf. Matter of Tompkins County Support Collection Unit v Chamberlin,* 99 NY2d 328, 335 [2003]; *Hudson Val. Oil Heat Council, Inc. v Town of Warwick,* 7 AD3d 572, 574 [2004]). Legislative intent is relevant and should not be ignored, even where the language of the statute appears to be clear (*see Matter of Tompkins County Support Collection Unit v Chamberlin, supra*). However, the evidence of the Legislature's intent submitted by the defendants was insufficient to establish that it intended the gang assault statute to be applied exclusively to cases of group assaults on lone or helpless victims.

The defendants' contention that they were denied a fair trial because the Supreme Court declined to charge the jury on

justification is without merit. Where no reasonable view of the evidence establishes the elements of a justification defense, a court need not instruct the jury on justification (*see People v Reynoso,* 73 NY2d 816, 818 [1988]; *People v Watts,* 57 NY2d 299, 301 [1982]; *People v Plowden,* 5 AD3d 609 [2004]; *cf. People v Gavigan,* 2 AD3d 748 [2003]). We agree with the Supreme Court that no reasonable view of the evidence adduced at trial established the elements of justification (*see People v Reynoso, supra*; *People v Watts, supra*; *People v Plowden, supra*; *cf. People v Gavigan, supra*).

The defendants' contention that the court's charge on interested witnesses was unbalanced is also without merit. The charge was properly balanced, as the court instructed the jury that the defendants were interested witnesses, and that the jury was free to find that any witnesses, including the prosecution's witnesses, were interested (*see People v Lopez,* 1 AD3d 458, 459 [2003]). Moreover, although the court's charge did not note that several prosecution witnesses were interested in that they had filed civil suits against the defendants and stood to gain financially from the defendants' convictions (*cf. People v Panetta,* 250 AD2d 710, 712 [1998]), there was ample evidence of the complainants' civil lawsuits before the jury (*see People v Smith,* 240 AD2d 600, 601 [1997]). Additionally, the jury was charged to consider the witnesses' "relationship to the case and the motive[s] [the] witness[es] may have for testifying truthfully or falsely" (*People v Smith, supra* at 601).

The defendant Ashish Shah contends that the People failed to prove he was "actually present" within the meaning of the gang assault statute (*see* Penal Law § 120.07). This claim is also unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant Shah's guilt beyond a reasonable doubt. The People proved that defendant Shah was in close physical proximity to the assaults, that he was ready, willing, and able to render immediate assistance to the other assailants, and that his presence posed an additional risk of violence (*see* Penal Law § 120.07; *People v Marquez,* 298 AD2d 407 [2002]). The Supreme Court's supplementary charges on actual presence were not misleading. They supplemented the Supreme Court's repeated instructions on actual presence which followed the Criminal Jury Instructions nearly verbatim (*see* CJI2d[NY] Penal Law § 120.07; *People v Wright,* 300 AD2d 419 [2002]). Moreover, the court's use of hypothetical examples as an aid to explaining the applicable law was fair and balanced,

and could not have misled the jury (*see People v Thomas,* 237 AD2d 468 [1997]).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Florio, Crane and Lifson, JJ., concur.