■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON ABRON, Appellant. [829 NYS2d 385]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered August 18, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree, menacing in the second degree, and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]), menacing in the second degree (§ 120.14 [1]), and resisting arrest (§ 205.30). Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, County Court's *Sandoval* ruling "does not constitute an abuse of discretion inasmuch as the court properly balanced the probative value of the evidence of prior crimes committed by defendant against the danger of undue prejudice to him" (*People v Taylor*, 19 AD3d 1100, 1100 [2005], *lv denied* 5 NY3d 810 [2005]). The contention of defendant that the indictment should be dismissed because he appeared before the grand jury in shackles is not preserved for our review because defendant did not object to appearing before the grand jury in that manner or request cautionary instructions with respect to that appearance (*see generally People v Winfield*, 267 AD2d 486, 487 [1999], *lv denied* 94 NY2d 927, 95 NY2d 806 [2000]; *People v Fields*, 262 AD2d 793, 794-795 [1999], *lv denied* 93 NY2d 1017 [1999]). Defendant also failed to preserve for our review his contention that the verdict is repugnant inasmuch as he took a contrary position before the trial court. Any error in the court's admission of the hearsay testimony of a police officer is harmless (*see generally People v Crimmins*, 36 NY2d 230, 240-241 [1975]).

Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.