■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN C. NELSON, Appellant. [856 NYS2d 730]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 17, 2005, upon a verdict convicting defendant of the crime of attempted criminal possession of a weapon in the third degree.

After a loaded firearm was found under the driver's seat of the vehicle defendant was operating, he was indicted on one count of criminal possession of a weapon in the third degree. A plea bargain was negotiated, but County Court twice rejected defendant's plea allocutions because they included professions of innocence. Thereafter, defendant waived his right to a jury trial and consented to a bench trial upon stipulated facts. Based on those facts and the prosecutor's request for consideration of a lesser included offense, County Court found defendant guilty of attempted criminal possession of a weapon in the third degree. County Court then sentenced him, as a second violent felony offender, to three years in prison and five years of postrelease supervision, as had been agreed in the earlier plea agreement.

Defendant now appeals, contending that his agreement to a bench trial upon stipulated facts was not knowing, voluntary and intelligent because County Court did not specifically inform him that the effect of a conviction after such a trial would be the same as a conviction after a trial by jury. This issue, however, is not preserved for our review because defendant's agreement here was the functional equivalent of a guilty plea (see People v Harler, 296 AD2d 712, 713 [2002]), yet he never moved to withdraw it or to vacate the judgment of conviction (see People v Folk, 43 AD3d 1229, 1230 [2007], lv denied 9 NY3d 1033 [2008]; People v Brill, 42 AD3d 823, 823 [2007], lv denied 9 NY3d 960 [2007]). In any event, the record reflects that County Court fully advised him of the rights he was forgoing by waiving a jury trial as well as the consequences thereof, including the facts that he would have a second violent felony conviction and be sentenced accordingly. Defendant indicated that his counsel had explained the nature of a trial on stipulated facts, that he understood what was going on, and that he would be convicted and sentenced as contemplated in the earlier negotiated plea agreement (see People v Williams, 35 AD3d 971, 972 [2006], lv denied 8 NY3d 928 [2007]; People v Bowman, 34 AD3d 935, 937 [2006], lv denied 8 NY3d 844 [2007]). Based on County Court's inquiries and defendant's responses, we are satisfied that he voluntarily and knowingly entered into both the waiver of a

trial by jury and the stipulation to the facts as recited by the People.

Finally, defendant's claim that his sentence was harsh and excessive is unavailing inasmuch as the sentence and period of postrelease supervision imposed were the minimum terms possible for a second violent felony offender convicted of a class E felony (*see* Penal Law § 70.04 [3] [d]; § 70.45 [2]; *People v Williams*, 35 AD3d at 973).

Cardona, P.J., Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.