McCarthy, J.
Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 2, 2011, convicting defendant following a nonjury trial of the crime of assault in the third degree.
Based upon her involvement in pulling a woman from a vehicle and beating her, defendant was charged in a felony complaint filed on January 26, 2010. On July 15, 2010, a grand jury returned a four-count indictment that, along with the People’s statement of readiness, was filed in County Court on Friday, July 23, 2010. That same day, the court notified defense counsel that arraignment would occur on August 2, 2010. On Monday, July 26, 2010, defendant and counsel were given notice that her arraignment would occur on July 27, 2010, which it did. County Court denied defendant’s motion to dismiss the indictment based upon a violation of her right to a speedy trial. Thereafter, she waived her right to a jury trial and proceeded to a bench trial on stipulated facts. The court found her guilty of assault in the third degree and sentenced her to two weekends in jail and three years of probation. Defendant appeals.[1]
*1270 County Court properly denied defendant’s speedy trial motion. When a defendant is accused of a felony, the court must grant a motion to dismiss on speedy trial grounds if the People are not ready for trial within six months of the commencement of a criminal action, which occurs with the filing of the first accusatory instrument (see CPL 1.20 [17]; 30.30 [1] [a]). In determining the end date for this six-month period, we exclude the day that the accusatory instrument was filed and begin counting on the following day (see People v Stirrup, 91 NY2d 434, 437 n 2 [1998]; People v Stiles, 70 NY2d 765, 767 [1987]; People v Gause, 286 AD2d 557, 558-559 [2001]; but see People v Goss, 87 NY2d 792, 795-796 [1996] [calculating the end date without excluding the commencement date, but doing so in the factual recitation and not addressing the issue]). Thus, the People were required to announce their readiness for trial by July 27, 2010.
Although the People filed a statement of readiness on July 23, 2010,[2] objectively establishing their readiness for trial (see CPL 30.30 [1] [a]; People v Smith, 82 NY2d 676, 678 [1993]), a statement of readiness will be considered meaningless and the indictment must be dismissed if arraignment within the statutory time period is impossible (see People v England, 84 NY2d 1, 5 [1994]; People v Gause, 286 AD2d at 559). When an indictment has been filed in a matter where a felony complaint is pending and the defendant is out on bail, the superior court must secure the defendant’s appearance for arraignment on the indictment by directing the defendant, “upon at least two days notice to the defendant” and his or her attorney, to appear on a specified date (CPL 210.10 [2]). “Thus, a statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the ‘speedy trial’ clock if the indictment is filed at least two days before the CPL 30.30 period ends” (People v Carter, 91 NY2d 795, 798 [1998] [citations omitted]; see People v Fields, 262 AD2d 793, 794 [1999], lv denied 93 NY2d 1017 [1999]).
Because Saturdays and Sundays are excluded when calculating two days notice (see General Construction Law § 20), the question becomes whether the arraignment on “at least two days notice” pursuant to CPL 210.10 (2) may be conducted on *1271 the second counted day after notice is given or if it may not occur until the third counted day. Prior cases simultaneously applying CPL 30.30 (1) (a) and 210.10 (2) have permitted arraignment on the second day following notice (see People v Merck, 63 AD3d 1374, 1375-1376 [2009], lv denied 13 NY3d 861 [2009]; People v Fields, 262 AD2d at 794; People v McGrath, 223 AD2d 759, 760 [1996]). Similarly, the prearraignment statement of readiness here was valid because arraignment was possible on July 27, 2010, the second counted day after the indictment was filed and the last day within the six-month statutory period (see People v McGrath, 223 AD2d at 760; compare People v England, 84 NY2d at 4).[3] An indictment need not be dismissed even if the arraignment does not occur within the six-month period, as long as it was possible and readiness was announced within that time (see People v Goss, 87 NY2d at 796-797).
Here, although not required, the arraignment did occur within that period. On July 23, 2010, County Court informed defendant’s counsel that the arraignment would occur on August 2, 2010. On July 26, 2010, the court informed counsel that the arraignment date had been changed to July 27, 2010. Although the later communication provided less than two days notice (see CPL 210.10 [2]), the original communication was provided more than two days prior to the actual arraignment. Additionally, defendant and counsel appeared at the arraignment, and defendant did not complain to County Court about the change in date or lack of sufficient notice. Hence, the court did not err in denying defendant’s speedy trial motion.
Rose, J.P, Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

. Defendant only agreed to waive her right to a jury trial, was not assured an agreed-upon sentence, and was not informed of and did not knowingly agree to waive any other rights (see People v Brooks, 23 AD3d 847, 848 [2005], lv denied, 6 NY3d 810 [2006]; compare People v Nelson, 51 AD3d 1137, 1137 [2008], lv denied 11 NYSd 739 [2008]; People v Harler, 296 AD2d 712, *1270 713-714 [2002]). Under the circumstances, defendant’s agreement to proceed to a trial on stipulated facts was not “the functional equivalent of a guilty plea,” which would preclude her from having her speedy trial claim reviewed on appeal (People v Harler, 296 AD2d at 714; compare People v Nelson, 51 AD3d at 1137).

. The People announced readiness again at arraignment on July 27, 2010.

. July 23, 2010 is excluded as the day the indictment was filed and July 24 and 25, 2010 are excluded because they were a Saturday and Sunday (see General Construction Law § 20). July 26, 2010 is the first counted day and July 27, 2010 is the second counted day.