People v Joseph (2018 NY Slip Op 03705)





People v Joseph


2018 NY Slip Op 03705


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-00560
 (Ind. No. 3354/11)

[*1]The People of the State of New York, respondent,
v
Kerryl Joseph, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard and William Kastin of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph Ferdenzi, Aurora Alvarez-Calderon, and Danielle O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered January 8, 2014, convicting him of gang assault in the first degree, assault in the first degree (four counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in denying his application for a missing witness charge. The defendant's application, however, was untimely, as it was made well after both sides had rested (see People v Whitlock, 95 AD3d 909, 910-911; People v Sealy, 35 AD3d 510). In any event, the court properly denied his request for a missing witness charge based on its finding that the witness was not available to the People to testify at trial (see People v Womack, 143 AD3d 1171; People v Fitzgerald, 84 AD3d 1397, 1398).
The defendant's contention that the evidence was legally insufficient to support his conviction of gang assault in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Marquez, 298 AD2d 407, 408). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court