■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH B. McGRATH, Appellant. [636 NYS2d 438] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), entered October 17, 1994, upon a verdict convicting defendant of the crimes of burglary in the third degree and petit larceny.

A criminal action was commenced against defendant on April 15, 1993 and, on October 12, 1993, he was indicted for burglary in the third degree, petit larceny and possession of burglar's tools. On filing the indictment, the People announced their readiness to proceed to trial and County Court scheduled defendant's arraignment for October 18, 1993. When defendant failed to appear on that date, his attorney was granted an adjournment until October 20, 1993, when the arraignment took place. Convicted of the burglary and petit larceny charges, defendant urges on appeal that the court should have granted his motion to dismiss the indictment because the People failed to comply with the speedy trial requirements of CPL 30.30 (1)

(a). Particularly, defendant argues that the People's statement of readiness must be considered a nullity, as it was made before he was arraigned and thus before a trial could possibly occur.

We are not persuaded by defendant's argument that *People v England* (84 NY2d 1, 5) should be construed so expansively as to render every prearraignment announcement of readiness invalid. Notably, it has been held that only by announcing readiness may the People escape responsibility for postindictment delays caused by court congestion and other factors beyond their control (*see, People v Smith*, 82 NY2d 676, 678; *People v Correa*, 77 NY2d 930, 931). Although a prearraignment announcement of readiness is a nullity when there is no possibility of arraignment within the statutory time period (*see, People v England, supra*, at 5; *People v Battaglia*, 187 AD2d 808, 810), that was not the case here; allowing for the requisite statutory notice (*see*, CPL 210.10 [2]), defendant could have been arraigned within the six-month period, on October 14, 1993 or October 15, 1993. Accordingly, this case is distinguishable from *People v England (supra)* in that the statement of readiness itself was not, as defendant would have it, invalid when made.

It is the People's responsibility, however, to schedule the arraignment, so as to bring the case to the stage where it may be tried. Because a delay in arraigning a defendant "constitutes a direct impediment to commencement of the trial" (*People v England, supra*, at 5), prosecutorial laxity in this respect, "even if inadvertent", is chargeable to the People as postreadiness delay (*supra,* at 5; *see, People v Marsh*, 127 AD2d 945, 947, *lv denied* 70 NY2d 650). Inasmuch as the People allowed all but three days of the statutory six months to elapse before announcing readiness, and have not demonstrated that any of that time is excludable (*see,* CPL 30.30 [4]), the outcome of this appeal hinges on whether they should be charged with more than three days of postreadiness delay as a result of the timing of the arraignment. We find that they should not, and therefore affirm.

The prosecutor is entitled to a "reasonable period of time" to arrange for arraignment (*People v Middlemiss*, 198 AD2d 755, 756), but the reasonableness of the time actually taken to do so must be assessed in view of all of the prevailing circumstances; there is no set period of time that will be considered reasonable in every case. To be considered are the cause and timing of the delay, and its avoidability.

Here, the record indicates that the delay from October 12, 1993 to October 18, 1993* was not occasioned by court congestion or policy—County Court in its decision pointedly observed that if the People had requested an earlier arraignment, one would have been provided—but by the prosecutor's admitted failure to inform the court of the need for alacrity. Nevertheless, it would not have been unreasonable, given the circumstances prevailing, to arraign defendant on October 14, 1993 or October 15, 1993, those days being within the initial six-month period. Hence, the People can only be properly charged with the remaining three days, from October 15, 1993 to October 18, 1993. When these postreadiness days are added to the prereadiness delay prior to October 12, 1993, the People did not exceed the six months permitted. Defendant's motion was therefore properly denied.

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed.

* The delay from October 18, 1993 to October 20, 1993 attributable to defendant's nonappearance and request for an adjournment, is plainly not chargeable to the People (see, e.g., People v Fuller, 216 AD2d 695, 696).