■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GAUSE, Appellant. [720 NYS2d 853] —Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 9, 2000 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

After an arrest on November 20, 1998, defendant was indicted for criminal possession of marihuana in the second degree in violation of Penal Law § 221.25. Defendant's pretrial motions included a motion to dismiss on speedy trial grounds. County Court (Breslin, J.), denied this motion without a hearing, concluding that the action was commenced in local criminal court when defendant was arraigned on November 21, 1998 and that the People declared their readiness for trial on May 21, 1999 despite defendant's failure to appear.

After a jury trial in Supreme Court, defendant was convicted. While this appeal raises numerous errors, we must first address the denial of the speedy trial motion since we cannot discern, upon this record, whether County Court properly

concluded that the People met the six-month requirement of CPL 30.30 (1) (a). While we can confirm that the felony complaint was prepared and signed on November 20, 1998—the date of defendant's arrest—we are unable to determine when it was filed.

The indictment was handed down on May 19, 1999. A transcript of the County Court proceedings held on May 21, 1999 reveals representations by the Judge that his secretary had made numerous unsuccessful telephone calls to defense counsel throughout that day to effectuate his appearance. After the placement of a statement of readiness on the record by the District Attorney, the matter was adjourned for arraignment to May 24, 1999.

On the adjourned date, defendant appeared with counsel and was provided with, *inter alia*, a copy of the indictment. Defense counsel advised County Court that he had not received notice that an indictment had been returned in accordance with CPL 210.10 (2). Defendant thereafter sought dismissal of the indictment by alleging, *inter alia*, a violation of statutory trial readiness provisions (*see*, CPL 30.30). Without holding a hearing, County Court concluded that defendant was arraigned and the action commenced on November 21, 1998, and that for the purpose of determining timeliness the time period commenced the following day (*see*, *People v Stiles*, 70 NY2d 765). Further concluding that when the indictment was returned two days' notice of the scheduled arraignment was provided to defendant, County Court determined that the People were ready for trial within six months of the commencement of the criminal action.

We find no documentary evidence to support County Court's conclusion that defendant was given the requisite notice. Mindful that a "statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the 'speedy trial' clock if the indictment is filed at least two days before the CPL 30.30 period ends" (*People v Carter*, 91 NY2d 795, 798), the dearth of supporting record evidence here requires a remittal (*see*, *People v Goss*, 87 NY2d 792; *People v England*, 84 NY2d 1; *People v Pickens*, 216 AD2d 631). Accordingly, this appeal must be held in abeyance until a hearing takes place.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.