■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GAUSE, Appellant. [729 NYS2d 801] —Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 9, 2000 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the second degree.

After an arrest on November 20, 1998, defendant was indicted for criminal possession of marihuana in the second degree in violation of Penal Law § 221.25. Pretrial motions included a defense motion to dismiss the indictment on speedy trial grounds. County Court (Breslin, J.) denied such motion without a hearing, concluding that the action was commenced upon the arraignment in local criminal court on November 21, 1998 and the People timely declared their readiness for trial on May 21, 1999 despite defendant's failure to appear. After a jury trial in Supreme Court, defendant was convicted.

Defendant appealed, raising numerous errors. We determined that it was first necessary to address the denial of the speedy trial motion since we could not discern, upon the record presented, whether County Court properly concluded that the People met the six-month requirement of CPL 30.30 (1) (a) (281 AD2d 654). While we were able to confirm that the felony complaint was prepared and signed on November 20, 1998—the date of defendant's arrest—we were unable to determine when such complaint was filed (id., at 655). It appeared, from a record of the County Court proceedings held on May 21, 1999, that the indictment was filed on May 19, 1999. According to statements made on the record by the County Judge, numerous unsuccessful telephone calls were placed by his secretary to defense counsel throughout that day to effectuate his appearance for an arraignment. Permitting the People to place a statement of readiness on the record, the matter was adjourned for arraignment to May 24, 1999.

On the adjourn date, defendant appeared with counsel and was provided with, inter alia, a copy of the indictment. Defense counsel advised County Court that he had not received the

requisite CPL 210.10 (2) notice and, thereafter, sought dismissal of the indictment by alleging, *inter alia,* a violation of statutory trial readiness provisions (*see,* CPL 30.30). An affirmation by the Assistant District Attorney was proffered in opposition to the motion: "[I]n response to defendant's motion for dismissal on speedy trial grounds, the People assert that the defendant has neglected to provide the Court with facts which are crucial to its decision. First, the defendant was arrested on November 20, 1998, but was arraigned on November 21, 1998. The speedy trial clock starts with the commencement of the criminal case, not upon arrest * * *. Second, the People announced their readiness for trial in open court, on the record, on May 21, 1999. The defendant, having been provided with notice two days earlier on the day of the indictment, failed to show. At this point, the case was within six months of commencement (*albeit with little time to spare*). Furthermore, the actual day an action was commenced is excluded from computation of speedy trial time" (citations omitted; emphasis supplied).

County Court, without holding a hearing, concluded that defendant was arraigned and the action commenced on November 21, 1998. For the purpose of determining timeliness, it calculated that the time period commenced the following day (*see, People v Stiles,* 70 NY2d 765) and concluded that since the indictment was returned on May 19, 1999, defendant received two days' notice of the scheduled arraignment. Upon these facts, the court determined that the People were ready for trial within six months of the commencement of the criminal action. Concluding that there was a dearth of record evidence supporting County Court's determination, we held the appeal in abeyance and remitted the matter to Supreme Court for a hearing (281 AD2d 654, *supra*).

At a hearing held on April 16, 2001 before Supreme Court, the scope was properly limited to determine (1) the date of the filing of the felony complaint, (2) the date upon which the indictment was filed and (3) the date that defendant was provided with notice of the filing and directed to appear for arraignment. The People called three witnesses and proffered documentary evidence. Defendant neither testified nor called any witnesses, but did introduce into evidence a certified transcript of a May 20, 1999 proceeding before County Court (Rosen, J.) wherein a number of indictments, including that concerning defendant, were filed.

Evidence at the hearing supported Supreme Court's conclusions that both the filing of the felony complaint and arraignment occurred on November 21, 1998. The People, therefore,

were required to announce their readiness for trial by May 22, 1999 (since the date the action was actually commenced is excludable from the speedy trial time period) (*see, People v Stiles*, 70 NY2d 765, *supra*). For the reasons that follow, we agree with Supreme Court's conclusion that the indictment must be dismissed because the People failed to timely announce their readiness for trial.

We must preliminarily reject the People's assertion that excludable periods of time between November 1998 and May 1999 attributable to defendant should have been considered both upon remittal and on appeal in determining the speedy trial motion. The People's response to defendant's original motion was devoid of this assertion as was the initial appeal to this Court. Having failed to raise these excludable dates earlier, Supreme Court properly determined that the People were now precluded from such assertion (*see, People v Notholt*, 242 AD2d 251, 253; *People v Wiggins*, 197 AD2d 802, 803).

The record before us reveals that while the indictment was voted by the Grand Jury on May 19, 1999, it was not filed with County Court (Breslin, J.) until May 20, 1999.* As the action commenced on November 21, 1998, the six-month speedy trial clock expired on Saturday, May 22, 1999. Taking appropriate judicial notice that, in the absence of a deliberating jury or other extraordinary circumstances, neither County Court nor Supreme Court generally conducts arraignments or trials on Saturdays or Sundays, Supreme Court properly concluded that it was impossible to arraign defendant within the six-month statutory period (*see, People v England*, 84 NY2d 1). We therefore agree with the determination rendered by Supreme Court upon remittal granting defendant's motion pursuant to CPL 30.30 to dismiss the indictment. As the judgment of conviction must now be reversed and the indictment dismissed, we need not consider any alternative bases for reversal.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

---

* Although the People placed a statement of readiness on the record before County Court on May 21, 1999, defendant could not have received two days' notice of such "arraignment."