*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    108040
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Appellant,

        v                                    OPINION AND ORDER

CINQUE MANDELA,
                        Respondent.
_____


Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

                         _____


        Cliff Gordon, Monticello, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                         _____


Garry, J.

        Appeal from an order of the County Court of Ulster County
(Williams, J.), entered September 4, 2015, which granted
defendant's motion to dismiss the indictment.

        In August 2014, defendant and two other individuals were
arrested in connection with a robbery in the City of Kingston,
Ulster County.  By a felony complaint filed on August 15, 2014,
defendant was charged with robbery in the second degree.  He was
thereafter arraigned on the felony complaint and released on
bail.  On Friday, February 13, 2015, a grand jury indicted
defendant and the other two individuals for robbery in the second
degree.  That afternoon, a certificate of indictment and
statement of readiness (hereinafter the first statement of
readiness) were hand-delivered to the office of defendant's

counsel, along with a letter stating that defendant's arraignment was scheduled for Tuesday, February 17, 2015. At the subsequent arraignment on that date, the People announced their readiness for trial in open court and also served defendant with a written notice to that effect (hereinafter the second statement of readiness). In June 2015, defendant moved for an order dismissing the indictment on the ground that his statutory right to a speedy trial had been violated. County Court granted the motion, and the People appeal.

We agree with County Court that the People were not ready for trial when the first statement of readiness was made. The People were required to declare their readiness by Monday, February 16, 2015 — that is, within six months after the commencement of the action, excluding the date when the felony complaint was filed (see People v Stiles, 70 NY2d 765, 767 [1987]). They made the first statement of readiness on Friday, February 13, 2015, before the expiration date. However, to be effective, a statement of readiness must be communicated at a time when the People are, in fact, ready for trial; if not, the statement "is illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994]). Where, as here, a defendant is out on bail in a matter where a felony complaint has been filed, a statement of readiness made contemporaneously with the filing of an indictment is effective only when two days remain in the six-month period within which the defendant can be given the statutorily-required notice to appear for arraignment upon the indictment (see CPL 210.10 [2]; People v Carter, 91 NY2d 795, 798 [1998]; People v Prunier, 100 AD3d 1269, 1270 [2012], lv denied 20 NY3d 1064 [2013]).

Here, the three days that immediately followed the Friday upon which the first statement of readiness was made were Saturday, Sunday and the legal holiday of President's Day, which in 2015 fell on Monday, February 16. These three days, as well as the day on which the first statement of readiness was made, are excluded in calculating the two-day notice period required by CPL 210.10 (2) (see General Construction Law § 20; People v Prunier, 100 AD3d at 1270-1271). Thus, Wednesday, February 18, 2015 was the first day upon which defendant could have been arraigned within the two-day notice period following the first

statement of readiness (see People v Prunier, 100 AD3d at 1271; People v McGrath, 223 AD2d 759, 760 [1996]).  As that date fell after the expiration of the six-month period established by CPL 30.30 (1) (a), the first statement of readiness was ineffective to stop the running of the speedy trial period.  Even if, as the People contend, General Construction Law § 25-a should be applied to extend the expiration of the six-month speedy trial period from the legal holiday of Monday, February 16, 2015 to the "next succeeding business day" of Tuesday, February 17, 2015, this would not change the result, as compliance with the statutory two-day notice requirement would still require that defendant's arraignment take place no sooner than Wednesday, February 18, 2015 — after the extended expiration date of the speedy trial period.  Thus, the People's first statement of readiness was ineffective without regard to the application of General Construction Law § 25-a.

This conclusion is not altered by the fact that defendant was, in fact, arraigned on Tuesday, February 17, 2015.[1]  The validity of the first statement of readiness did not depend on when the arraignment actually took place, but rather on whether the People were "presently ready for trial" when that statement was made (People v England, 84 NY2d at 4; see People v Goss, 87 NY2d 792, 797-798 [1996]; People v McGrath, 223 AD2d at 760).  As it was not possible at the time of the first statement of readiness for the People to complete "all that [was] required of them to bring the case to [the] point where it [could] be tried" before the expiration of the six-month speedy trial period (People v England, 84 NY2d at 4), the first statement of readiness was ineffective despite the fact that defendant was ultimately arraigned prior to the deadline.

---

[1]  The record does not indicate that defendant, who appeared with his counsel at the arraignment, objected on the ground that he received inadequate notice, and neither his submissions in support of his motion to dismiss the indictment on speedy trial grounds nor his appellate brief raised such an argument (see People v Prunier, 100 AD3d at 1271; compare People v Gause, 286 AD2d 557, 557-558 [2001]).

The analysis does not, however, end there. The People made a second statement of readiness at defendant's arraignment on Tuesday, February 17, 2015. If the People are correct that General Construction Law § 25-a applies to extend the expiration of the period within which they were required to declare readiness to the next succeeding business day, then the second statement of readiness on Tuesday, February 17 was timely made before the readiness period expired. Further, as the second statement of readiness was made at defendant's arraignment — the "elemental prerequisite to trial readiness" by which a court acquires jurisdiction over a defendant (People v England, 84 NY2d at 5) — no additional two-day notice period was required. Thus, the People argue that, if General Construction Law § 25-a applies, the second statement of readiness was effective and the indictment should not have been dismissed. In concluding otherwise, County Court relied upon this Court's prior decision in People v Gause (286 AD2d 557 [2001]). The court further held that the question as to the application of General Construction Law § 25-a — a subject that was not addressed in Gause — was for this Court to decide. We agree with County Court that the facts in Gause are strikingly similar to those presented here. Significantly, however, Gause addressed only one statement of readiness, made before the defendant was arraigned.

The issue of the application of General Construction Law § 25-a in calculating the expiration of the six-month period within which the People must declare readiness for trial when a defendant is charged with a felony pursuant to CPL 30.30 (1) (a) appears to be one of first impression. However, at least one court has held that General Construction Law § 25-a applies to extend the 90-day readiness period established under CPL 30.30 (1) (b) for defendants charged with certain misdemeanors (see People v Powell, 179 Misc 2d 1047, 1048 [App Term, 2d Dept 1999], lv denied 93 NY2d 928 [1999]). Under principles broadly applicable to the General Construction Law, we find no reason to reach a different conclusion here. The General Construction Law applies "to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended" (General Construction Law § 110; accord People v Buckley, 75 NY2d 843, 846 [1990]; People v Reed, 265 AD2d 56, 61 [2000], lvs

denied 95 NY2d 832, 838, 859 [2000]).  Nothing in the language of CPL 30.30 (1) (a) mentions weekends or holidays or otherwise indicates a legislative intent that General Construction Law § 25-a should not be applied in calculating the expiration of the speedy trial period.  Further, as previously discussed, the General Construction Law has been held to apply to other speedy trial computations, such as the exclusion of the date of commencement of a criminal action in determining the beginning of the readiness period (see People v Stiles, 70 NY2d at 767) and the two-day notice that must be given to a defendant to appear for arraignment upon an indictment (see People v Prunier, 100 AD3d at 1270-1271).

Prior interpretations of General Construction Law § 25-a likewise support the conclusion that the provision applies in the circumstances presented here.  It has been held that the statute applies "to situations that involve the calculation of a deadline, such as the filing of legal papers or other documents" (People v Assi, 14 NY3d 335, 343 [2010]).  At issue here is the deadline by which the People must declare readiness when a defendant is charged with a felony.  It has also been held that for General Construction Law § 25-a to apply in any factual circumstance, "there must be an initially ascertainable certain day from which reckoning may be made" (Matter of Whitehill v New York State Teachers' Retirement Sys., 142 AD2d 902, 904 [1988] [internal quotation marks omitted], affd 73 NY2d 944 [1989]).  CPL 30.30 (1) (a) specifies such an ascertainable day – that is, the commencement of a criminal action – from which the six-month period within which the People are required to declare readiness for trial is to be computed.  Thus, we find that when the last day of the six-month period specified by CPL 30.30 (1) (a) falls upon a Saturday, Sunday or legal holiday, the expiration of the period in which the People must declare readiness is extended to the next succeeding business day pursuant to General Construction Law § 25-a.  Here, the People's second declaration of readiness was made on the next succeeding business day following the legal holiday upon which the six-month period expired; it was therefore timely and effective, and dismissal of the indictment was not required.

Peters, P.J., Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the order is reversed, on the law, motion denied, and indictment reinstated.

ENTER:

Robert D. Mayberger
Clerk of the Court