People v Jones (2019 NY Slip Op 07647)





People v Jones


2019 NY Slip Op 07647


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

108426 109757

[*1]The People of the State of New York, Respondent,
v
Prather Jones, Appellant.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered April 22, 2016 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, attempted grand larceny in the third degree, identity theft in the first degree (two counts), conspiracy in the fifth degree (two counts) and criminal possession of a forged instrument in the second degree, and (2) by permission, from an order of said court, entered July 28, 2017 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged, in indictments handed up on February 24, 2015 and February 27, 2015, with grand larceny in the third degree, attempted grand larceny in the third degree, identity theft in the first degree (two counts), conspiracy in the fifth degree (two counts) and criminal possession of a forged instrument in the second degree. The charges arose out of allegations that defendant — assisted by Travis Chandler — twice assumed the identity of another person — once to open a line of credit at a jewelry store, where he fraudulently purchased merchandise worth more than $3,000, and a second time when he attempted to obtain a car loan to purchase a vehicle from a car dealership.[FN1] The indictments were later consolidated with defendant's consent and the matter ultimately proceeded to a jury trial, during which defendant represented himself, with standby counsel. Defendant was convicted on all counts and sentenced, as a predicate felon, to an aggregate prison term of 6 to 12 years, with lesser concurrent sentences. Supreme Court subsequently denied defendant's pro se motion, made pursuant to CPL 440.10, to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.
Defendant asserts that Supreme Court should have granted his motion to dismiss renumbered counts 4 through 7 of the consolidated indictment (those relating to the attempted car purchase and originally charged in the second indictment) on statutory speedy trial grounds. The record reflects that defendant was arrested on charges relating to the attempted car purchase and arraigned without counsel on corresponding felony complaints in East Greenbush Town Court on August 29, 2014 and thereafter held without bail. As such, the statutory six-month period began on August 30, 2014 (see General Construction Law § 20; People v Stiles, 70 NY2d 765, 767 [1987]), and, without any exclusions, would have expired on March 2, 2015 (see General Construction Law §§ 25-a, 30; People v Mandela, 142 AD3d 81, 86 [2016], lv denied 28 NY3d 1029 [2016]). However, we agree with Supreme Court that defendant was "without counsel through no fault of the court" during the four days between his arraignment on the felony complaints and the appearance of his assigned counsel on September 3, 2014 (CPL 30.30 [4] [f]; see People v Rickard, 71 AD3d 1420, 1421 [2010], lv denied 15 NY3d 809 [2010]; see also People v Harrison, 171 AD3d 1481, 1482 [2019]; People v Aubin, 245 AD2d 805, 806-807 [1997]) and that, therefore, the People had until March 6, 2015 to declare their readiness for trial. As the People made such a declaration prior to March 6, 2015, Supreme Court properly rejected defendant's claim that his statutory speedy trial rights had been violated.
Defendant next argues that Supreme Court erred in refusing to compel testimony from Chandler, who invoked his Fifth Amendment privilege against self-incrimination. We, however, perceive no error in Supreme Court's handling of the matter. Chandler — who had entered a guilty plea, but was awaiting sentencing — was produced in court. Outside the presence of the jury, Chandler's counsel indicated that Chandler intended to exercise his privilege against self-incrimination based on the possibility that he could further incriminate himself, expose himself to perjury charges and/or provide testimony that could adversely impact his upcoming sentencing proceeding. Chandler confirmed under oath that he would invoke the privilege if called as a witness and, when questioned by defendant in the context of that inquiry, did in fact invoke the privilege. Supreme Court acknowledged that Chandler's plea agreement was contingent upon "no information coming to the [c]ourt's attention about prior criminal conduct that the [c]ourt did not know about." Such unknown prior criminal conduct could potentially include crimes relating to defendant's claim that Chandler coerced him into participating in the schemes to defraud. There was no basis for Supreme Court to conclude that Chandler's "invocation of the privilege was clearly contumacious, nor was it patently clear that [Chandler's testimony] could not subject him to prosecution" (People v Callicut, 101 AD3d 1256, 1262 [2012] [internal quotation marks, brackets and citations omitted], lvs denied 20 NY3d 1096, 1097 [2013]). Accordingly, we discern no abuse of discretion in Supreme Court's refusal to compel Chandler to testify or to require him to assert the privilege in the presence of the jury (see People v Thomas, 51 NY2d 466, 472 [1980]; People v Malloy, 166 AD3d 1302, 1310 [2018], affd 33 NY3d 1078 [2019]; People v Tatro, 53 AD3d 781, 786-787 [2008], lv denied 11 NY3d 835 [2008]). Although defendant certainly had the right to call witnesses and present a defense, he had "no right to compel testimony over a claim of recognized privilege" (People v Sapia, 41 NY2d 160, 165 [1976], cert denied 434 US 823 [1977]). The remaining arguments raised in defendant's pro se brief are wholly without merit.
Turning to defendant's appeal from the order denying his CPL 440.10 motion, defense counsel seeks to be relieved of his assignment of counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on the appeal from that order. Upon review of the record, defense counsel's brief and defendant's pro se submission, we agree. The order is therefore affirmed and defense counsel's application for leave to withdraw as counsel is granted (see People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]; see generally People v Beaty, 22 NY3d 490 [2014]; People v Stokes, 95 NY2d 633 [2001]).
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the order is affirmed, and application to be relieved of assignment granted.



Footnotes

Footnote 1: Chandler was charged in both indictments with crimes relating to his role in the schemes. However, Chandler successfully moved to sever his trial from defendant's trial, and he later pleaded guilty to identity theft in the first degree and criminal possession of a forged instrument in the second degree. This Court affirmed Chandler's judgment of conviction (People v Chandler, 162 AD3d 1406 [2018], lv denied 32 NY3d 936 [2018]).