People v Pierre (2024 NY Slip Op 51181(U))

[*1]

People v Pierre (Kimberly)

2024 NY Slip Op 51181(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-561 N CR

The People of the State of New York, Appellant,
against
Kimberly Pierre, Respondent. 

Nassau County District Attorney (Sarah S. Rabinowitz and Monica M. C. Leiter of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (David I. Levine, J.), dated April 17, 2023. The order, insofar as appealed from, upon reargument, adhered to a prior determination of that court in an order dated March 21, 2023 granting the branch of defendant's omnibus motion seeking an order finding that the People's November 9, 2022 statement of readiness was untimely and, upon such a finding, dismissing the accusatory instruments on statutory speedy trial grounds.

ORDERED that the order, insofar as appealed from, is reversed, on the law, upon reargument, the branch of defendant's omnibus motion seeking an order finding that the People's November 9, 2022 statement of readiness was untimely and, upon such a finding, dismissing the accusatory instruments on statutory speedy trial grounds is denied, the accusatory instruments are reinstated, and the matter is remitted to the District Court for a determination of the remaining branches of defendant's omnibus motion and for all further proceedings.
By 16 separate simplified traffic informations dated May 2021, defendant was charged [*2]with, respectively, reckless driving (Vehicle and Traffic Law § 1212, an unclassified misdemeanor), improperly disposing of a uniform traffic summons and complaint (Vehicle and Traffic Law § 207 [5], an unclassified misdemeanor), and 14 traffic infractions. Defendant was arraigned on the informations on September 9, 2022. The People filed an off-calendar statement of readiness (SOR) on November 9, 2022.
By notice of omnibus motion dated February 22, 2023, defendant moved for, among other things, an order finding that the People's November 9, 2022 SOR was untimely and, upon such a finding, dismissing the accusatory instruments on statutory speedy trial grounds. In an affirmation in support of the motion, defense counsel argued, insofar as is relevant to this appeal, that the People were chargeable with the 61-day period from September 9 to November 9, 2022. The People opposed, asserting that their time to announce readiness was extended from November 8th to November 9th because November 8th was Election Day, a public holiday. By order dated March 21, 2023, the District Court granted the aforementioned branch of defendant's motion, and the accusatory instruments were dismissed. The People subsequently moved for leave to reargue their opposition to that branch of defendant's motion. By order dated April 17, 2023, the District Court granted reargument but adhered to its prior determination.
The parties agreed in the District Court, and maintain on appeal, that a 60-day statutory speedy trial clock applies to all of the accusatory instruments, including the ones charging standalone traffic infractions (but see CPL 30.30 [1] [c], [e]; People v Galindo, 38 NY3d 199, 206 [2022]), and we decline to pass upon the propriety of that conclusion (cf. People v Lovett, 40 NY3d 1018, 1019 [2023]). To avoid dismissal on statutory speedy trial grounds, the People were required to announce ready on the 60th chargeable day, November 8, 2022. However, since November 8th was a public holiday, "the People's time to announce their readiness was extended to the next business day" (People v Powell, 179 Misc 2d 1047, 1048 [App Term, 2d Dept, 2d & 11th Jud Dists 1999]; see General Construction Law § 25-a [1]; People v Mandela, 142 AD3d 81, 85 [2016]). Thus, the People's November 9, 2022 SOR was timely and the branch of defendant's motion seeking an order finding that the SOR was untimely and, upon such a finding, dismissing the accusatory instruments on statutory speedy trial grounds should have been denied.
Accordingly, the order, insofar as appealed from, is reversed, upon reargument, the branch of defendant's omnibus motion seeking an order finding that the People's November 9, 2022 statement of readiness was untimely and, upon such a finding, dismissing the accusatory instruments on statutory speedy trial grounds is denied, the accusatory instruments are reinstated, and the matter is remitted to the District Court for a determination of the remaining branches of defendant's omnibus motion and for all further proceedings.
DRISCOLL, J.P., McCORMACK and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024