People v Cash (2025 NY Slip Op 50141(U))

[*1]

People v Cash

2025 NY Slip Op 50141(U)

Decided on February 7, 2025

County Court, Columbia County

Herman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 14, 2025; it will not be published in the printed Offical Reports.

Decided on February 7, 2025
County Court, Columbia County

The People of the State of New York,

against
Rushbel Cash, Defendant.

Indictment No. 70180-24

For the People:
Chris Liberati-Conant, Esq.
Columbia County District Attorney
325 Columbia Street, Suite 260
Hudson, New York 12534
By: Valentina Annunziata, Esq., Assistant District Attorney
districtattorney@columbiacountyny.gov
For Defendant:
Shane A. Zoni, Esq.
Columbia County Public Defender
610 State Street
Hudson, New York 12534
By: Bryan Bergeron, Esq., Assistant Public Defender
publicdefender@columbiacountyny.gov

Brian J. Herman, J.

Papers considered:
Notice of Motion of Bryan Bergeron, Esq., dated October 11, 2024
Affirmation of Bryan Bergeron, Esq., affirmed October 11, 2024, with exhibitsAffirmation in Opposition of Valentina Annunziata, Esq., affirmed January 10, 2025, with exhibits Reply Affirmation of Bryan Bergeron, Esq., affirmed January 17, 2025, with exhibits Indictment, dated July 2, 2024
By Indictment No. 70180-24 (the "Indictment"), the defendant, Rushbel Cash, is charged with one count of Assault in the First Degree in violation of Section 120.10(1) of the Penal Law, a class B felony ("Count One"); two counts of Assault in the Second Degree in violation of [*2]Section 120.05(2) of the Penal Law, a class D felony ("Count Two" and "Count Three," respectively); and one count of Criminal Possession of a Weapon in the Third Degree in violation of Section 265.01(2) of the Penal Law, a class A misdemeanor ("Count Four").
The aforesaid charges arise [FN1]
from an alleged altercation on September 17, 2022 during a birthday party at Samascott's Farm in the Town of Kinderhook. The birthday party was for the niece of one of the complainants in this matter, C.L.G. It is specifically alleged that the defendant was among a number of uninvited guests who arrived at the party causing a disturbance. After being asked to leave multiple times, it is alleged that the defendant punched Mr. G. and a second individual, N. T.-A. Thereupon, it is alleged that the defendant, being armed with a knife, slashed Mr. T.-A.'s face and caused cuts to Mr. G.'s forehead, eyebrow, nose and chest and shoulder.
The defendant has pied not guilty and now, by his attorney, moves this court, by an omnibus motion, for an order granting the following:
1. Inspection of the Grand Jury Minutes;
2. Sandoval/Ventimiglia/Molineux hearing;
3. Suppression of statements pursuant to People v. Huntley, 15 NY2d 72 (1965) and CPL §710.30;
4. Dismissal of the Indictment pursuant to CPL §30.30
5. Determining the People's Certificate of Compliance to be illusory pursuant to CPL§245.20;
6. Suppression of out-of-court identification pursuant to U.S. v. Wade, 388 U.S. 218 (1967) and its progeny;
7. Dismissal of Counts One, Two and Three on grounds of insufficient presentment to the Grand Jury pursuant to CPL §210.20(1)(b);
8. Dismissal of the Indictment on grounds of impairment of the integrity of the Grand Jury proceeding pursuant to §210.35.
In opposition, the People submitted the affirmation of Assistant District Attorney Valentina Annunziata, affirmed January 10, 2025. The defendant replied by affirmation of Assistant Public Defender Bryan Bergeron, affirmed January 17, 2025.
The court shall first address that aspect of the defendant's motion seeking dismissal of the indictment pursuant to Section 30.30 of the Criminal Procedure Law.
I. MOTION FOR DISMISSAL PURSUANT TO CPL §30.30
STATUTORY FRAMEWORK
Section 30.30 of the Criminal Procedure Law requires that the People be ready for trial within specific time periods that vary according to the level of offense charged. CPL §30.30. The statute was "enacted to serve the narrow purpose of insuring prompt prosecutorial readiness for trial," while giving "both parties the means to determine prospectively the time period within which the People must be ready to proceed with the prosecution by providing a temporal framework for the action." People v. Sinistaj, 67 NY2d 236, 239 (1986); People v. Cooper, 98 NY2d 541,547 (2002). To this end, the People have six months to announce readiness in a felony prosecution, 90 days when the most serious offense is a Class A misdemeanor, 60 days for most other misdemeanors and 30 days when the most serious offense charged in the criminal action is [*3]a violation. CPL §30.30(1)(a-d). Insofar as the period within which People must announce readiness in felony cases is measured in months, and the number of days in each calendar month may differ, this period may exceed 180 days. See People v. Cortes, 80 NY2d 201,218 (1992). CPL §30.30 time periods (colloquially, "speedy trial" periods) are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action. CPL §30.30(1); People v.Cooper, supra at 543. Generally speaking,[FN2]
an action is deemed to have "commenced," for purposes of the CPL §30.30 readiness rule, upon filing of the first accusatory instrument. Id., see also People v. Osgood 52 NY2d 37, 43 (1980); CPL §§1.20(17); 100.05.
Accordingly, whether the People have satisfied their obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay occasioned by certain circumstances set forth in subsection (4) of CPL §30.30. People v. Cortes, supra at 208. With the exception of certain Penal Law Article 125 offenses, a motion to dismiss an accusatory instrument on speedy trial grounds must be granted when considering all excludable delay, the People are not ready for trial within the applicable time period. CPL §30.30(1)(a-d).
A defendant seeking dismissal pursuant to CPL §30.30 meets his or her initial burden on the motion simply "by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period." See People v. Luperon, 85 NY2d 71, 77-78 (1995).Thereupon, the burden shifts to the People to identify any exclusions upon which they intend to rely, and the defense must identify any legal or factual impediments to the use of those exclusions. Id.
In 2019, the Legislature repealed and replaced Article 240 of the Criminal Procedure Law with the newly-enacted Article 245, imposing new automatic disclosure requirements and compliance mechanisms applicable to both the prosecution and defense. See generally CPL§245; L. 2019, ch. 59, pt. LLL. To incentivize the People's compliance with these procedures, the enactments tethered their discovery obligations to trial readiness under CPL §30.30. See CPL §§30.30(5); 245.50(3); see also People v. Bay, 41 NY3d 200, 208 (2023). Absent an "individualized finding of special circumstances," the People shall not be deemed ready for trial until they have filed a certificate of compliance, attesting to good faith compliance with their disclosure requirements in accordance with CPL §245.50(1). That provision of CPL §30.30(1) requiring dismissal if the prosecution is not ready within the applicable timeframe was in place prior to the 2019 amendments and remains so. People v. Bay, supra at 210.
Against this statutory framework, the Court will address the parties' contentions.

ANALYSIS

As an initial matter, the defense asserts that this case commenced for speedy trial purposes on July 10, 2023, when charges were filed against the Defendant in Kinderhook Village Court.In their opposition papers, the People note that, though the felony complaint (the "Complaint") of New York State Police Investigator Morrison was dated July 10, 2023, it was not filed with the Village Court until the Defendant was apprehended, arrested, and arraigned in [*4]Village Court on August 16, 2023. Though unsupported by a date stamped copy of the Complaint in their opposition papers, the Court will accept the People's representation in this regard as accurate.This being the first accusatory instrument filed against the Defendant, the date of commencement for purposes of this Court's speedy trial analysis is August 16, 2023. Excluding the date of filing of the Complaint [see People v. Stiles, 70 NY2d 765, 767 (1987)], the statutory time period applicable to this case for CPL §30.30 purposes would, ordinarily, be August 17, 2023 - February 17, 2024. See CPL §30.30(1)(a); People v. Cortes, supra at 218. However, the Court takes judicial notice that February 17, 2024 was a Saturday. The Appellate Division, Third Department, held in People v. Mandela that Section 25-a of the General Construction Law applies when the last day of the six-month period specified by CPL §30.30(1)(a) falls on a Saturday, Sunday or legal holiday and the expiration of the period in which the People must declare readiness is extended to the next business day. People v. Mandela, 142 AD3d 81, 86 (Third Dept., 2016). The Court, likewise, takes judicial notice that the following Monday, February 19, 2024, was President's Day, a federal holiday. Therefore, by operation of Section 25-a of the General Construction Law, and in accordance with the Third Department's holding in People v. Mandela, the statutory time period applicable to this case for CPL §30.30 purposes is August 17, 2023 - February 20, 2024, a period of 188 days.
The case was presented to the Grand Jury and indicted on July 2, 2024. On July 10, 2024, the People filed and served their Certificate of Compliance and Statement of Readiness, nearly five months after the expiration of the applicable speedy trial period. As such, the Court finds that the defense has sustained its burden of alleging that prosecution failed to timely declare readiness. See People v. Luperon, supra at 77-78. It is, now, therefore, incumbent on the People to identify the exclusions upon which they intend to rely. Id.; CPL §30.30(4).
For sake of simplicity, the Court will note that the parties agree as to the following time periods:

AUGUST 17, 2023 - DECEMBER 4, 2023
The People concede that the entirety of the period between August 17, 2023 and December 4, 2023 is chargeable to the People. This period constitutes 110 days.

MAY 6, 2024 - JULY 10, 2024
The People likewise concede that the entirety of the period between May 6, 2024 and July 10, 2024 is chargeable to the People. This period constitutes 66 days.
In aggregate, these periods constitute 176 days.
The dispute, therefore, hinges upon whether more than twelve days of the period between December 5, 2023 through May 5, 2024 are chargeable to the People. Additionally, the defense asserts that the People's July 10, 2024 certificate of compliance should be deemed illusory as the grand jury minutes were not provided the defense until July 18, 2024, with a supplemental certificate of compliance, and as such, these eight days should be chargeable to the People. The People assert that the entirety of the December 5, 2023 - May 5, 2024 period is excludable and contend that the eight days between filing of their initial and supplemental certificates of compliance are, likewise, excludable.

 DECEMBER 5, 2023 - MAY 5, 2024
The parties have submitted complete transcripts of the post-arraignment proceedings before Kinderhook Village Court for this Court's review.
Following his August 16, 2023 arraignment, the defendant next appeared before the village court on September 11, 2023. At that time, the People stated, "It's our intention to file an indictment with respect to this matter. This [*5]can be divested to county court." Thereupon, the matter was adjourned to October 2, 2023, for "grand jury control."
On October 2, 2023, the Defendant once again appeared before the village court. Review of the transcript of these proceedings indicates that the very first remarks of either party - or the court for that matter - were the People simply stating, "divest the case." The following exchange ensued:
THE COURT: I can't divest it unless there is a waiver of indictment or an SCI. I mean, it will just sit here.
THE PEOPLE: If that's the way you want to do it then just do that. I don't know.
THE COURT: Yeah it will just sit here for grand jury control and then when you guys ...
THE PEOPLE: It could be several years before we...
THE COURT: When you indict it you indict it. And I'll be happy to send it down then.
THE PEOPLE: Whenever it's convenient.
THE COURT: So I'll just say this. I don't have next year's calendar yet so I'll just say December 4th, just for status.
THE PEOPLE: Status. Okay.
On December 4, 2023, the court simply noted that the defendant was not present and the public defender had left for the evening. The matter was adjourned to January 8, 2024, once again for "Grand Jury control."
Though no record of a January 8, 2024 proceedings was submitted by either party, in proceedings before the vllage court on March 4, 2024 the court [FN3]
indicated that, "[o]n 1/8 no defendant still on grand jury control and then we put it down for tonight to see where we are."
The People reported to the court as follows:
THE PEOPLE: Your Honor, we had continued, since we took over, continued to investigate the case. We did locate witnesses. Both of whom are out of the country at the present time. My understanding from representatives in my office who contact victims and witnesses is that they would be returning the last week of March to this country and that they would be meeting with representatives in our office at that time. That was the last information I had. But they did represent that [the defendant] was the person who committed this act.
THE COURT: Okay.
THE PEOPLE: They are literally out of the country. They are in Mexico.
THE COURT: Yeah. Yeah, so you want to keep it on grand jury control then?
THE PEOPLE: Yeah, Judge. I mean, I can't do anything with it even if I wanted to.
THE COURT: So do you want to go out until May?
THE DEFENSE: Judge, I'll leave that up to the People. What they would like to have on this matter.
THE PEOPLE: That would certainly give us ...
THE COURT: More time and I don't want to kill because April is going to be ... April is all going to May. May 6th.
THE DEFENSE: Well, Judge, when I speak with Mr. Zoni, we're not consenting to any [*6]adjournment on this matter so the People's time, I'll let Mr. Golden ...
THE COURT: May 6th?
THE DEFENSE: Whatever date he would like.
THE COURT: No, there's no date in April anyway. So, honestly the April dates won't be charged to him because we don't have dates. So it's going to have to be ...
THE DEFENSE: The [FN4]April would be charged to the People.
THE COURT: Yes, correct. And then the month of April would not be.
THE DEFENSE: Understood.
THE COURT: So May 6th.
THE PEOPLE: That sounds good Your Honor. May 6th would work.
THE COURT: Okay. Seven o'clock. Grand Jury control.
On May 6, 2023, the matter was once again before the Kinderhook Village Court.
THE DEFENSE: Judge, on the last appearance, I mean prior, excuse me, appearances, this matter was held for grand jury control. [The] matter is on the calendar today. I know that the last time we appeared, the time from 4/1/24 to today's date was not chargeable to the People [and] we're not consenting to any adjournments at this time, Judge.
THE COURT: Okay.
THE PEOPLE: Yes, your Honor, the case is still being reviewed for presentation to the Grand Jury. In effect, it's divested from this court so we are just setting a control date in order to keep track of it in the event that it isn't indicted and comes back to the court.
THE COURT: Okay. So Mr. Cash, he wasn't expected to show up today?
THE PEOPLE: He was not.
THE PEOPLE: Just by way of explanation, Judge, the defendant as I understand it and the victim and the witnesses were out of the country for quite a period of time. And my understanding is at least the victim was to return to this country in March of this year. And I'm not sure what the defendant's status is. But I do know that they were not available within New York State for quite a long period of time.
THE COURT: Okay. Has anybody been in touch since March? Do we know? Is he back?
THE PEOPLE: I don't know about him. I know about the victim and the other witnesses.
THE COURT: The victim. Has anybody been in touch with Mr. Cash?
THE DEFENSE: Judge, there's no requirement for Mr. Cash to get himself available. The obligation is on the People to get their witnesses into the grand jury and move the matter along.
THE COURT: Okay, so are we going to set a date then for the future?
THE PEOPLE: If we could just set a control date, Judge, and then it will be decided soon at the county level as to whether they are going forward with a presentation to the grand jury or direct that it come back to this court for purposes of either reaching a settlement or some other disposition.
THE DEFENSE: And, judge, just for the record, we're not consenting to. any adjournment with the time chargeable to the People.
THE PEOPLE: From this date forward.
The matter was adjourned, once again, for "grand jury control," to June 3, 2024. The record is unclear as to whether the parties appeared before the village court on June 3. In any event, for purposes of this analysis, the question is immaterial as the case was indicted on July 2, 2024, and it has been conceded that the entirety of the period between May 6, 2024 through July 10, 2024, when the People filed their initial certificate of compliance and statement of readiness, is chargeable to the People.
In support of their position that the entirety of the period commencing December 5, 2023 through May 5, 2024 is excludable, the People argue that the defendant's non-appearance before the village court on December 4, 2023, January 8, 2024, March 4, 2024 and May 6, 2024 renders this time excludable pursuant to CPL §30.30(4)(c).
CPL §30.30(4)(c) provides:
In computing the time within which the people must be ready for trial pursuant to [CPL §30.30(1) and (2), the following periods must be excluded:
(c)(i) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or
(ii) where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise. CPL§30.30(4)(C)(i)(ii).
In their papers, the People and the defense quibble as to whether the defendant's post- October 2, 2023 appearances before the village court were "excused." Certainly, the transcripts of proceedings of these subsequent appearances are somewhat unclear on the issue, particularly in light of the People's representation on May 6, 2023, that the Defendant's appearance on that date was not "expected." These arguments—by both the People and the defense—are, however, misplaced.
As to subsection (c)(i), the People have failed to demonstrate, in either their opposition papers or in proceedings before the village court, that the defendant's location was "known, but his presence for trial [could not] be obtained by due diligence." CPL §30.30(4)(c)(i). In fact, on May 6, 2024, the People indicated to the contrary, that they had no knowledge of the dfendant's whereabouts.
As to subsection (c)(ii), it is not enough to simply demonstrate that the defendant failed to appear for a scheduled court appearance. The exclusion provisions of subsection (c)(ii) are triggered not by the mere fact a defendant failed to appear, but rather, the issuance of a bench warrant pursuant to CPL §570.30. Where such warrant is issued, the period of exclusion for CPL §30.30 purposes extend from the date the warrant is issued to the date the defendant appears in [*7]court, be it compelled by the warrant, voluntarily, or otherwise. CPL §30.30(4)(c)(ii).Though the question of whether the defendant's appearances before the village court were "excused" is, indeed, murky, it is crystal clear to this court that at no point subsequent October 2, 2023 did the village court issue - nor did the People request that a warrant be issued to secure the Defendant's appearance for future "grand jury control" dates. See People v. Ghaonbalha, 66 Misc 3d 1214(A) at 5-6 (City ofN.Y. Criminal Court, 2020) ("([the court neither issues a bench warrant nor stays issuance of a bench warrant, then no exclusion under CPL §30.30(4)(c)(ii) is triggered'').
Accordingly, the People are not entitled to the exclusion of any time pursuant to CPL§30.30(4)(C).
The People further assert entitlement to an exclusion of time pursuant to CPL§30.30(4)(g), where delay is attributable to "exceptional circumstances," which expressly include "the unavailability of evidence material to the people's case" provided "the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period." CPL §30.30(4)(g).Specifically, the People cite the unavailability of Mr. T.-A., who was out of the country from December 9, 2023 through April 17, 2024.
The Court of Appeals has observed, "[t]here is no precise definition of what constitutes an exceptional circumstance under CPL §30.30(4)(g), since it is impossible to anticipate every situation that might warrant tolling of the speedy trial time period. It is clear, however, that the range of the term's application is limited by the dominant legislative intent informing CPL§30.30, namely, to discourage prosecutorial inaction. People v. Price, 14 NY3d 61, 64 (2010).
Reliance on CPL §30.30(4)(g) is, as stated above, conditioned upon the demonstration of "due diligence" to obtain unavailable evidence, in this instance, the grand jury testimony of Mr. T.-A. The People concede that "[a]s early as February 1, 2024, the People had communications" with Mr. T.-A.'s employer during which they were advised that he would be returning in "late March or early April" to return to work. The People fail, however, to demonstrate any efforts whatsoever during this period to facilitate Mr. T.- A.'s return to the United States, if only briefly, to secure his testimony for presentment to the grand jury. They simply waited the two months for him to return. See People v. Allard, 28 NY3d 41, 44 (2016) (affirming determination that 32-day delay while witness was out of the country on vacation was chargeable to the People). That the People's decision in this regard may have been influenced by their mistaken impression that the speedy-trial clock had stopped due to the defendant's non-appearance before the village court is, perhaps, unfortunate, this does not discharge them of their obligation to undertake due diligence. It is, likewise, not lost on the court that despite Mr. T.-A.'s presumptive return to the United States in late March or early April 2024, the matter was not presented to the grand jury until July 2, 2024.
Accordingly, the People are not entitled to the exclusion of any time pursuant to CPL§30.30(4)(g).
Excluding the period from April 1, 2024, through May 5, 2024 (35 days] on consent of the parties in proceedings before the village court, this Court finds that for the periodcommencing December 5, 2023 through May 5, 2024 (211 days], 176 days are chargeable to the People, far in excess of the twelve days remaining following the People's concessions.
The court finds that the defendant's moving papers allege a ground constituting a legalbasis for the motion pursuant to CPL §210.20(1); which ground is supported by sworn [*8]allegations of all facts essential to support the motion; and the sworn allegations of fact to support the motion are either conceded by the People to be true or are conclusively substantiated by unquestionable documentary proof. Accordingly, no hearing on the motion is required. CPL§210.45(3).
Based on the foregoing, the Indictment is hereby DISMISSED.
In light thereof, the Court need not reach questions pertaining to the People's initial or supplemental certificates of compliance, or those other prayers for relief set forth in the Defendant's moving papers.
This shall constitute the decision and order of the court.
Dated: February 7, 2025
Hudson, New York
Hon. Brian J. Herman
County Court Judge

Footnotes

Footnote 1:As recited in the People's opposition papers.

Footnote 2:Section 30.30(5) of the Criminal Procedure Law sets forth specific situations, inapplicable here, which require a deviation from the general rule and effectively alters the date a criminal action is deemed to have commenced for purposes of applying the §30.30( I) time frames.

Footnote 3:The transcript attributes these remarks, part and parcel of a more substantial narrative, to the People. Read in their full context, however, they are quite obviously those of the Court.

Footnote 4:In light of the obvious inconsistency, the court is of the belief that the transcriptionist mis-stated the defense's use of the word "pre" for "the." The Court interprets this sentence to correctly read, "Pre-April would be charged to the People.